May it please the Court. My name is Nemrath, and as you are aware, I represent the plaintiff in this particular case, which is also the appellant. Now, this case stems from an automobile accident which occurred in August of 2015, wherein the defendant plowed into the back of the plaintiff's car going about 65 miles an hour. The accident required medical treatment, and two people in the car sustained injury, the driver of the car, J.T. Johnson, and his daughter. A couple points that are probably important in this case, and I want to make note of. First of all, the daughter was subsequently dismissed from this case. There had been a prior incident of molestation, excuse me, when she was 4 years old, and the defendants wanted to open that issue up. And it was starting to create the issue. We know it's we're down to Mr. Johnson. All right. The second issue that I want to bring to the Court's attention is the fact that the I hate to say this, but you're not claiming that you preserve the issue of the discovery ruling in your notice to appeal, are you, for the daughter? The daughter is out of the case. Yeah. I just want to make sure that's true, that she's gone, gone, gone. Yeah. She's gone from the case. I thought that's what you're saying. I just want to make sure. Yeah. I'm sorry. I didn't quite understand your question. I didn't ask it well. I thought he asked whether your, whether, since your brief makes much to do, you know, says that the discovery order, dealing with the records is important to the issues on appeal, is that one of the issues on appeal, whether that order was wrong? No, I don't think so. It's the aftermath of the order and its impact. I think the question is, was Dr. Hess a retained expert or was he a treating expert? And I think that in order to answer that question, it's very simple. If you look at his evaluations, examinations that he first undertook in November and render an opinion that the automobile accident of August of 2015 was the initiating cause. And of course, the confusion comes in here when the prior attorney asked the doctor to regurgitate or reaffirm his position that the accident did in fact cause the problem here in question. The court did not accept that original theory that the doctor did in fact make a determination and was so indicated in his notes in November and December of 2016. I've got to ask you, this issue seems to be, our closest case seems to be Grudemeyer versus Transit Authority. And I can't tell, are you arguing that Grudemeyer was wrong or distinguishable? And Grudemeyer says, it lists a line in Grudemeyer that says, outside the realm of treatment such as causation requires disclosure. Didn't the doctor address causation in the notes in 2016? Oh, well, yes, but this is not, it was the same sequence of events. And the plaintiff wanted to say, I didn't have to disclose. And as I understand it, the courts, well, I mean. And we said they had a duty to disclose. There's a duty to disclose things that are outside the realm of treatment, such as causation. In other words, even if the notes reflect, arguably reflect a causation that has reached a causation conclusion way back then, it was a conclusion as to causation, so it had to be disclosed, regardless of the subsequent interchange with the lawyer. That's the way I read Grudemeyer. Do you follow the question? Here's really what we said in Grudemeyer, and both Judge Loken and I think we're on the panel. If I recall correctly, or maybe it's just a similar name, but as I understand the issue, and as I recall it, if it's the same case I'm recalling, that there is an ideology that is reflected oftentimes in medical records that says, this happened as a result of this, right? Well, that's not actually a determination of causation. It's an ideology, and it simply explains the mechanism of injury, not necessary to go to the actual treatment. Now, if the ideology is necessary for treatment, then it falls within treating expert exceptions. But if that ideology is unnecessary for treatment, it's just a stray comment. Now, if you want to say that then I'm going to call that expert as an expert to establish causation, that person's gone from being a treating expert into being a retained expert, right? And that's, isn't that what we did, Jim? That's, I think that's what we said. So that's the big legal argument. And so the mere fact that he may have a statement related to causation is, it doesn't resolve the second half of that question is, was it necessary for treatment? And so why is the car accident necessary for making treatment decisions for this particular physician such that he's a treating physician, not a retained expert? If, as I understood the cases and what the judge said in his order, was that if this gentleman was a treating physician and he made the determination during his treatment, then we can go with the 26C disclosure. However, if he did not make the determination during the treatment, then he becomes a retained. And I think the confusion in saying Gredemeyer was wrong, at least as. Well, I think there's a distinction is what I'm saying. And I think that's what the district court held also, or at least that's the way we understand the district court's decision. Yeah. And I get that Judge Fischer's looking at this big realm of cases and he's looking mostly at the rule. And I'm sure that there's all kinds of Nebraska case law under similar state rules and there's the federal rule. And I got to tell you that Gredemeyer is kind of at a high level of specificity, but it is what we've said. And I think it's the controlling law of the circuit generally on experts. And so I think you're going to, I mean, it's good enough to say that Judge Fischer believed that if it was in the course of treatment, then we're at 26C. But we may not believe that based on our reading of Gredemeyer. And I think that's the basis for Judge Loken's original question. And I think the second point that it comes back to is a point of... I'm just reading from it. If a treating physician will testify about matters outside the realm of treatment, such as causation of a condition, disclosure requirements are triggered. Regardless of whether the plaintiff's lawyer then comes to the physician years later and, you know, likes what he hears and says, you're going to be a witness. An expert witness that has to be disclosed. Is that what you're saying as a retained expert? It doesn't matter. Yeah, what we're saying is that once you cross over to a statement of causation, unless somehow that causation is care and treatment determinative, they're really a 26B expert rather than a 26C expert. It's the kind of thing only circuit judges talk about. No, I was reading from a paragraph, the first sentence of which is, under Rule 26, non-retained experts, including treating healthcare providers, are subject to less stringent disclosure requirements than a retained expert. However... That's the point. No, however, if a treating physician will testify about matters outside the realm of treatment, such as a causation issue and a subsequent litigation, then you've got to disclose them, whether it's retained or non-retained. How does the district court... It can be retained for litigation. How does the district court get to the position that if he was subsequently retained to opine on causation, he... It doesn't matter whether it was... The question is whether he... It's a... If he was going to testify as to a causation issue, if he was going to give an expert opinion on causation, whenever he formed it, whatever he was paid before or after to give it, if he's going to testify as an expert, he has to be disclosed. This aspect. That's what Grotemeier says. I'm sorry, but I don't agree with that, and I think that's what the district court rule... You're asking us to overrule our understanding of Grotemeier. I mean, that's... I get... That's the fact of it. I guess I would ask you to reread that, because I don't think it's that narrow. I'm going to reserve the rest of my time. I don't think that Judge Loken said anything differently than what I'm saying, but I just want you to understand what we're saying, is that causation puts you into a different category, requiring a more specific disclosure, unless it goes to the actual course of treatment. And didn't disclose the course of treatment? It's got to... It has to be necessary for the treatment piece, right? Because then he's still just a retreating expert. But if you're going to talk about causation arising out of an accident, and it's not tied to the actual treatment, you're a retained expert on that. All right. Now, you're not going to sit down yet. The first... Your first issue presented in your brief reads, and I quote, did the U.S. district court err in denying plaintiff's motion to seal and ordering production of the daughter's mental health history? And now you've said this morning, that's not an issue on appeal. Which is it? Are you abandoning it? I'm sorry. That was not an issue because we dismissed the case. So, as the case is... This is your brief. Johnson versus... That's a misstatement on our part, Your Honor. It's an issue? No, it's not an issue. So, you're abandoning it? Call it what you like. We did not have that issue because... You presented the issue. Come on, counsel. Read the rules of FRAP. Explaining what has to be in a brief, it's front and center. You've got to state the issues presented, and that limits the circuit court. It's one of the most important parts of the brief for us. I don't disagree with you, but the question is where that claim was dismissed from the case a long time ago. The appeal time has already been brought. That might be why the issue's bad on the merits. Now it's abandoned. All right. All right. Thank you. I... Who goes with you? I do. Do you have any glasses? Mr. Waldman. That's a secondary. Okay. Your Honor, if I could please the Court, I'm Raymond Walden, representing the Appley defendant, Jenna Friesen. I think you've hit on all the right points. Jenna or Jena, I'm not sure quite how to pronounce the daughter's name, who was in this case. Part of that reason that she's not in this case anymore, that's not part of this appeal, is not just the dismissal in the course of it, but also... We don't care about that. Let's get to the issues. Okay. I mean... Yeah. It wasn't part of the notice of appeal. Yes. This does come down to Dr. Hess. Is he retained or non-retained? And Grudenmayer exactly is the law on the point. It may not be all factually on point, you know, how that case developed versus this one, but it supplies the, you know, the correct rule. Did the district court apply the correct rule? I believe so. It did apply the correct rule in deciding that Dr. Hess did not develop his... what he stated to be a causation opinion tying the subjective injuries to the particular accident as opposed to a not-much-later accident, as opposed to other conditions that he had pre-existing or may have developed totally independently. You know, he says, oh, it was this accident, you know, when he's asked to make an opinion. Well, in my brief, I go for several pages going through where are the places in the medical records where he even would have addressed this? And did he address it? And conclude again throughout, no. He never addressed, you know, just what... you know, why there is some reason to believe that the accident caused... that this particular accident caused these injuries. And there's a duty to have a... I mean, well, a plaintiff has to have an expert to support subjective injuries causation. That's Nebraska law. So Judge Bisher definitely applied the law correctly when it got to the summary judgment stage because he'd already excluded all of the experts on causation and backing up. He, you know, he was asked after we filed for summary judgment to reconsider all of that. And he carefully went back over it all. And... I know Rule 26 distinguishes between retained and non-retained. But for this issue, does it matter? Which he... which Dr. Hess was? He was treated as... He was treated initially as one of the 18 non-treating physicians. Yes. And then the district court separated him out because of this issue and treated him and addressed it separately. Yeah. Right. So it doesn't matter whether he was retained for litigation or put forth as simply a past treating physician, does it? Well, I believe Judge Bisher thought that if he's a non-retained expert, you know, then he... he did have... you know, he said enough or he may have said enough. I mean, he didn't really have to address that because he was finding that he... he was not a non-retained expert who had developed... I mean, that's the other part of that from Grudemeyer... Yeah. ...who had developed his causation opinion in the course of the treatment. Yeah. Yeah. What he found at page six of his order was that... that Dr. Hess did not make any causation findings in his course of treatment and that he only reflected the causation tying it to this particular automobile accident. And I think the direct quote is Dr. Hess responded several months later um... um... that's not it. Dr. Hess's letter was in response to a letter from the plaintiff's former counsel, Clark Hall, which asked him to review records and inquired if Dr. Hess could conclude based on his evaluation and treatment that the August 9, 2015 accident was cause... was the cause of the plaintiff's lower back injury. Now, that's not a question related to treatment. That's a question of just plain old causation which brings it into the heart of Grudemeyer. And Grudemeyer, as you recall, it says we don't really care whether he's treating or non-treating once you give a causation theory unrelated to the treatment you have to do the retained expert disclosure. And that's what Judge Bisher found. Yes, exactly. And I think he's exactly right on that. You know, if you're a retained expert, then, you know, there's this whole raft of things, you know, from the rule 26A to B which just aren't there. And I don't think there's really any dispute about, you know, that this was not supported as... it was not supported in the disclosures with the kind of material that you have to disclose for a retained expert. So it comes down to, well, all right, if he's, you know, if that's out, then, you know, can you squirm out of it being a... him being a retained expert and qualify him for this particular opinion, causation, as arising from the treatment? And no. And Judge... and in his reconsideration, you know, that part of that order, Judge Bisher, you know, kind of did some technical things, but then he gets down to it in a footnote on the merits, saying, you know, it's not there. You know, you can go through the medical records and he really didn't do anything, but as Judge Erickson pointed out, cited, you know, in etiology,  was being given. But there was no occasion for this, you know, particular doctor to, you know, in giving treatment to limit the amount of information you can look at. Well, was it this accident? Was it that accident? Was it something else? He was presenting, you know, his job was to treat this person's condition as presented to him at the particular points in time that he was giving him treatment. And that was really all that went on when you look at the medical records. You know, in some other cases, there may be some reason why you have to pin it down to one thing or another. I don't see a whole lot of that in, you know, in my practice where doctors in treatment are really coming up with causation analyses. You know, they're just treating the patients that they have, you know, and what they have to do, you know, at the time. So, is the absence of Dr. Hess's opinion alone sufficient to sustain Judge Bisher's ultimate conclusion in this case? Yes. And so, the arguments that are advanced of the other 17 experts that Judge Bisher struck as a result of finding that the Rule 26 disclosures were not detailed enough is sort of a red herring at this point if he can't get past the Hess question. Well, it's kind of part of the reasoning about why it all comes down to Hess because the other 17 treating did not  were not presented as having an opinion on causation. So, without a retained expert or Dr. Hess providing that opinion, there is no  and the claim fails as a matter of law. Exactly. And there was Dr. Barna who was, you know, kind of sent to the showers early who clearly was being presented as a retained expert and clearly was not supported with anything about how did he form this opinion. It's just, you know, stated there in his report but as Judge Bisher pointed out there was nothing about the methodology or about the basis for, you know, for how the opinion was formed. So, he tossed him out and came back with the whole raft of experts all over again really didn't say anything new given a second chance to, you know, about all the rest of them. Dr. Hess is really presented in about the same way still and it was in the reconsideration then that the plaintiff throws in, well, how's all these medical records and it's in there? Well, no, it wasn't in there and, you know, the judge pointed that out and I kind of broke it down in more detail in our brief to you folks about it's just not there in the medical reconsideration and the purpose of these rules is that at some point you really have to put up or be tossed out. You know, you have to have something behind your experts. Yeah, you get to bluff all you want early on when you're plaintiff presenting demands and developing through discovery early on. You know, but at some point you have to say, yeah, okay, here's my  on these questions and here's why they form those opinions and what the bases are and, okay, then you get to have your depositions and troubleshoot and so forth and eventually you get to trial. But back at this stage, if you can't support it, then you don't get to move forward and that's what Judge Pitcher very clearly and correctly was saying. You know, I'm going to strike these experts. I realize this is going to basically be the case. You know, whether he was right or not, he gave him another chance, so it doesn't really matter whether he was right or not about giving him another chance. The chance was given and was not actually taken advantage of. Nothing new was provided except more  and mix up. It's a big mess. I was just looking again, refreshing, the 26 A2C and of course, it doesn't talk about causation or anything like that. It just defines experts who must report. What we have here is the interplay with that and Nebraska law saying if you're going to bring this claim, you've got to have an expert on causation. We have to interpret that requirement of state law and the definition in 26 A2 of who's got to report and not. Exactly. So it seems to me what the district court is saying, in the dismissal, in the final end is, if you're required to give an opinion and the only person who has that opinion is someone who did not give a report, an expert report as required, then obviously it was required or first it's required if you've got to have the opinion. And that's so Grudenmeier whether ostensibly or implicitly or explicitly is dealing with that interplay, right? Exactly. Grudenmeier just lays it right out about the difference between retained experts and non-retained experts and what kind of material needs to be obtained. And that's the bottom line. Then the retained and non-retained doesn't really matter. Well, yeah, if he doesn't qualify under either one of those to be entitled to give an opinion to the jury and that was the finding under neither category can this go on.  you're going to give an  that's required as an element of your state law claim. Yes. And I would like to ask the court to affirm Judge Bisher and the jury to affirm        opinion to the jury and that the jury is entitled to affirm that the jury is entitled to give an opinion that the district court judge indicated that if Hess is only a treating doctor the report that was provided would be fine. But in the letter that was requesting It wouldn't be the expert you need on the issue of causation under state law. So you're left with zero for 19 in terms of your experts. I think what the attorney asked for and my co-counsel or other counsel just read it he asked for an evaluation or an opinion of his evaluation and treatment. The evaluation was done in November and December of 2016. Okay but if it wasn't an opinion on causation then you  expert. That was the opinion that was asked for. By whom? I mean you want to present him you want to surprise the defendant with a so-called treating expert who all of a sudden becomes the expert opinion on causation that you had to have to have a viable claim under Nebraska law. Our position all the time has been that Hess was in fact the treating physician who rendered an opinion initially and his opinion initially was this problem started with the automobile accident. That's the causation. Okay but well. I'm sorry to interrupt you. No it seems to me then as I'm  26A2C the district court's right. Okay. I mean that definition of who must provide a report if it doesn't include Dr. Hess in this case on these facts then you don't have to have an expert opinion on causation. How does the district court judge rule then that if this guy was not a hired gun if you will but he was the treating doctor and he did render an opinion. I doubt that Nebraska law says you have to retain someone. Well I'm not sure that. Isn't it just one of these provisions that says in order to advance this cause of action you must have an expert opinion establishing causation. I.E. Hess. Right. And he was the treating doctor. We didn't hire an outside expert. But it doesn't matter because you have to have the opinion in hand that causation is established. And I think the evidence here is it didn't exist until the second time the lawyer asked for it. And at that point you've got to comply with Grudemeyer because they don't care whether you're retained or not retained. What they're saying is if you're the expert on causation you have to  more detailed report. Right? I.E. Hess. I think there is the rub that we're having this morning here and that is what I just read to you, what Clark asked for was during your evaluation and treatment did you form a causation statement that you had to have a report. I'm not sure I agree with that statement. I'm not running the opinion. Wasn't that the ruling prior to the dismissal? No, I don't think so. Thank you, Your Honors.